UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **PATTY DUPRE ET AL** | **CASE NO. 6:20-CV-00756** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PALFINGER MARINE U S A INC ET AL** | **MAGISTRATE JUDGE HANNA** |

### MEMORANDUM RULING

Before the Court is "Defendant, Zurich American Insurance Company's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Complaints for Failure to State a Claim Upon Which Relief can be Granted" (Doc. 27) wherein Defendant Zurich, moves to dismiss Plaintiffs' claims for "negligent inspection" and/or "failure to inspect."

### FACTUAL ALLEGATIONS

On June 30, 2019, Shell Oil Company ("Shell") was conducting a safety exercise/test on Lifeboat 6 which it owned.[1] During that test, the cables, hooks, davits, davit system or other mechanisms of the lifeboat failed allegedly resulting in the lifeboat breaking loose and falling over seventy (70) feet into the Gulf of Mexico. Brandon Dupre, who was working as an employee of Shell suffered severe physical injuries due to the incident and died from drowning.[2]

In their Second Amended Complaint, Plaintiffs allege that in addition to being the insurer of Defendant Palfinger Marine USA, Inc., Zurich was responsible for the annual

---

[1] Second Supplemental And Amending Petition, Doc. 19, ¶ 4.
[2] Complaint, Doc. 1, ¶ 2.

inspection of the lifeboat and owed the deceased a general duty to provide a safe working environment.[3] Plaintiffs further allege that Zurich was negligent in failing to adequately inspect and notify Shell of the damages(s) and/or defect(s) to the lifeboat's control cables or rigging.[4]

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but

---

[3] Second Supplemental And Amending Petition, Doc. 19, ¶ 5.
[4] Id. ¶ 6.

challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955.

## LAW AND ANALYSIS

Zurich maintains that the Complaint, as amended, is devoid of any factual allegations giving rise to a plausible inference that Zurich had any obligation to inspect and in fact inspected Lifeboat 6. Zurich argues that Plaintiffs' factual allegations are bare and conclusory assertions.

Plaintiffs', through their counsel, argue in their opposition that through oral representations, they were apprised that Zurich conducted an inspection or commissioned another party to conduct an inspection on its behalf that uncovered the defective conditions that lead to decedent's severe physical injuries and wrongful death. Plaintiffs complain that due to the infancy of this case, they have not had the opportunity to conduct discovery.

The Court must accept as true Plaintiffs' allegations in the light most favorable to Plaintiff. The Court is cognizant that this case is in its infancy and discovery has not been conducted. Therefore, the motion to dismiss will be denied; however, the Court would entertain a motion for summary to flesh out the facts in this case as to Zurich's duty should Zurich choose to file a dispositive motion.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss will be denied.

**THUS DONE AND SIGNED** in Chambers on this 12th day of November, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**